# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
October 5, 2000 Session

## TIP AND BARBARA TERRY v. SCOTT BOTTS

**Appeal from the Juvenile Court for Scott County**
**No. 8642     Michael A. Davis, Judge**

**FILED FEBRUARY 22, 2001**

**No. E2000-01288-COA-R3-CV**

---

CHARLES D. SUSANO, JR., J., concurring.


I concur fully in the majority opinion's holding that the Scott County Juvenile Court lacked subject matter jurisdiction to consider the appellees' petition to establish grandparent visitation. In view of this holding, I do not believe that it is appropriate to discuss the propriety of the trial court's determination – as expressed in the language of the majority opinion – "that a substantial danger of harm existed as to all three of these children should they be prohibited from visiting with their grandparents." In addressing the substance of this finding, the majority opinion seems to tacitly acknowledge that the statutory definition of "substantial harm to the child" as set forth in T.C.A. § 36-6-306(b)(1)(A)-(C) and as further explained in Subsection (b)(2) of T.C.A. § 36-6-306 is a constitutionally-valid predicate for the application of the "best interests" test pursuant to the provisions of T.C.A. § 36-6-307. I have some doubts regarding this conclusion, doubts that are engendered by my reading of *Hawk v. Hawk*, 855 S.W.2d 573 (Tenn. 1993) and its progeny. In any event, that question is not before us in this case and I express no firm opinion as to whether these particular statutory provisions are compatible with the Tennessee Constitution.


_____
CHARLES D. SUSANO, JR., JUDGE